UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VANDE ROSE FOODS, LLC<br><br>Plaintiff,<br><br>VS.<br><br>THE STANDARD BEEF COMPANY, and PHILIP FRIEND<br><br>Defendants. | CIVIL ACTION No.: _____<br><br><br>JANUARY 9, 2008 |

## COMPLAINT & JURY DEMAND

The Plaintiff, Vande Rose Foods, LLC, by and through its attorneys, brings this action for breach of contract, action for the price under Connecticut General Statutes § 42a-2-709, conversion, civil theft under Connecticut General Statutes § 52-564, tortuous interferences with contractual and business relationships, and Unfair Trade Practices under Connecticut General Statutes §§ 42-110a et. seq.

## INTRODUCTION

1.  Plaintiff is an Iowa Limited Liability Company engaged in the business of selling high quality beef and pork products. Plaintiff seeks to recover approximately $340,036.36 in

498852-v6

unpaid balances owed to it by Defendant Standard Beef Company for meat products it purchased from the Plaintiff. In addition, Plaintiff also seeks damages, fees and costs for the Defendants' unauthorized interception and theft of funds intended by a non-party customer of the Plaintiff, as payment to the Plaintiff.

## PARTIES

2.      The Plaintiff, Vande Rose Foods, LLC ("Vande Rose") is an Iowa Limited Liability Company with its principal place of business at 302 North 10th Street in Oskaloosa, Iowa. Vande Rose is engaged in the business of raising and selling premium beef and pork products.

3.      Defendant, The Standard Beef Company ("Standard Beef") is a Connecticut corporation with its principal place of business at 216 Food Terminal in New Haven, Connecticut. Defendant Standard Beef is engaged in the business of selling meat and other food products.

4.      Defendant Philip H. Friend ("Philip Friend") is an individual citizen of Connecticut, residing at 222 Peaceable Street, Ridgefield, Connecticut. Defendant Philip Friend previously was employed by Vande Rose. Upon information and belief, he is currently employed by, and/or an agent of, Defendant Standard Beef.

5.      Collectively, Defendant Standard Beef and Defendant Philip Friend are referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action by virtue of the diversity of citizenship between the parties pursuant to 28 U.S.C. Section 1332. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(1) and 28 U.S.C. §§ 1391(a)(2) because all Defendants reside in Connecticut and a substantial part of the events giving rise to the claims occurred in Connecticut.

## COUNT ONE – BREACH OF CONTRACT (AGAINST STANDARD BEEF)

1-7. Plaintiff hereby repeats, reiterates and realleges Paragraphs 1 through 7 as Paragraphs 1 through 7 of this Count One, as if fully set forth herein.

8. From approximately August 1, 2007 through December 31, 2007 Standard Beef entered into numerous agreements to purchase various food products from Vande Rose. Each of these agreements was memorialized in an order submitted to Vande Rose.

9. Pursuant to these orders, Vande Rose delivered dozens of shipments of food products to Standard Beef from approximately August 1, 2007 through December 31, 2007. Vande Rose fully performed all of its obligations of performance under the agreements.

10.    Although Standard Beef received the shipments of product that it ordered from Vande Rose, Standard Beef failed to pay Vande Rose in full for the purchases, thus breaching its agreements with Vande Rose.

11.    Standard Beef owes Vande Rose approximately $340,036.36 in unpaid balances for the food products it ordered and received between approximately August 1, 2007 and December 31, 2007.

12.    Standard Beef is liable to Vande Rose for these unpaid balances.

13.    Vande Rose has made numerous demands upon Standard Beef for payment of the outstanding balance.

14.    Despite Vande Rose's demands for payment, Standard Beef has failed to pay its debts owed to Vande Rose.

15.    As a result of Standard Beef's breach of its agreements with Vande Rose, Vande Rose has suffered damages.

### COUNT TWO: ACTION FOR THE PRICE – CONN. GEN. STAT. § 42A-2-709
### (AGAINST STANDARD BEEF)

1-15.    Plaintiff hereby repeats, reiterates and realleges Paragraphs 1 through 15 of Count one as Paragraphs 1 through 15 of this Count Two, as if fully set forth herein.

16.    Vande Rose entered into a series of contracts with Standard Beef for the sale of various meat products.

17. Vande Rose shipped all of the products sold under the agreements to Standard Beef.

18. Standard Beef accepted delivery of the goods sold under those agreements.

19. Standard Beef failed to pay the full contract price under these agreements.

20. Standard Beef's acceptance and failure to make full payment is in violation of the Connecticut General Statutes § 42a-2-709.

21. As a result of Standard Beef's violation of Connecticut General Statutes § 42a-2-709, Vande Rose has suffered damages.

### COUNT THREE: CONVERSION
### (AGAINST STANDARD BEEF AND PHILIP FRIEND)

1-21. Plaintiff hereby repeats, reiterates and realleges Paragraphs 1 through 21 of Count Two as Paragraphs 1 through 21 of this Count Three, as if fully set forth herein.

22. Non-party, New York Meat, Inc. ("New York Meat") is a New York Corporation that is engaged in the business of selling food products, including food products purchased from Vande Rose. New York Meat is a customer of Vande Rose.

23. From May to July of 2007, New York Meat placed several orders for various meat products with Vande Rose.

24. Vande Rose filled these orders and delivered the products that New York Meat ordered.

498852-v6

5

25. Pursuant to these agreements between New York Meat and Vande Rose, New York Meat owed money to Vande Rose as consideration for its purchases.

26. In attempt to satisfy its obligations under the agreement, New York Meat drafted a check dated August 3, 2007, payable to the order of Vande Rose in the amount of $4,563.37.

27. This check was intended to serve as payment for goods New York Meat purchased from Vande Rose.

28. Believing Philip Friend to be a representative of Vande Rose, New York Meat delivered the check to Philip Friend in attempt to pay its debt to Vande Rose.

29. Holding himself out as a representative of Vande Rose, Phil Friend accepted the check.

30. Despite the fact that the check was clearly payable to Vande Rose, Philip Friend failed to tender the check to Vande Rose.

31. Instead, Philip Friend converted the check for his own use, thereby keeping Vande Rose from its rightful possession and use of said check. Philip Friend thereafter gave the check to Standard Beef.

32. Standard Beef, in turn, converted the check for its own use and deposited the check into one of its own bank accounts, thereby keeping Vande Rose from its rightful possession and use of said check.

33. At no time was Philip Friend authorized by Vande Rose to use payments from Vande Rose's customers for his own purposes.

34. At no time was Philip Friend authorized by Vande Rose to divert the payment of Vande Rose's customers to Standard Beef.

35. At no time was Standard Beef or any of its agents or representatives authorized to accept delivery of, or deposit, the check on behalf of Vande Farms.

36. At no time was Standard Beef or any of its agents or representatives authorized to use payments from Vande Rose's customers for its own purposes.

37. By their actions, the Defendants have converted Vande Rose's property for their own use.

38. Vande Farms has suffered harm as a result of the wrongful conversion of its property as will be proven at trial.

**COUNT FOUR: STATUTORY THEFT – CONN. GEN. STATS § 52-564 (AGAINST STANDARD BEEF AND PHILIP FRIEND)**

1-38. Plaintiff hereby repeats, reiterates and realleges Paragraphs 1 through 38 of Count Three as Paragraphs 1 through 38 of this Count Four, as if fully set forth herein.

39. Philip Friend knew that the check was the rightful property of Vande Rose.

40. Philip Friend knew that neither himself nor Standard Beef had any lawful right or authorization to take possession of the check.

41. Philip Friend knowingly and intentionally took possession of the check despite his knowledge that it was the rightful property of Vande Rose.

42. Philip Friend wrongfully took possession of the check with the intent to benefit himself at the Plaintiff's expense.

43. Standard Beef knew that the check was the rightful property of Vande Rose.

44. Standard Beef knew that it did not have any lawful right or authorization to take possession of or deposit the check.

45. Standard Beef knowingly and intentionally took possession of, and deposited, the check despite the knowledge that it had no lawful right or authorization to do so.

46. The conduct of Philip Friend and Standard Beef constitute statutory theft of Vande Rose's property pursuant to Conn. Gen. Stat. § 52-564.

47. As a result of the Defendants' intentional and wrongful conduct, Vande Rose has suffered damages.

## COUNT FIVE: TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS (AGAINST STANDARD BEEF AND PHILIP FRIEND)

1-47. Plaintiff hereby repeats, reiterates and realleges Paragraphs 1 through 47 of Count Four as Paragraphs 1 through 47 of this, Count Five, as if fully set forth herein.

48. At all times relevant hereto, Vande Rose was engaged in a business and contractual relationship with New York Meat.

49. Defendants had knowledge of the business and contractual relationship between Vande Rose and New York Meat.

50. Without legal authorization, the Defendants misappropriated the check which New York Meat made payable to Vande Rose.

51. The Defendants misappropriated the check with the intent of interfering with the business and contractual relationship between Vande Rose and its customer, New York Meat.

52. The Defendants' misappropriation of the check was an unlawful and tortuous interference with Vande Rose's contractual and business relationship with New York Meat.

53. By their conduct, the Defendants intentionally interfered with the with the business and contractual relationship between Vande Rose and New York Meat.

54. As a result of the Defendants' conduct, Vande Rose has suffered damages, including but not limited to the loss of the check.

### COUNT SIX: UNFAIR TRADE PRACTICES - CONN. GEN. STATS § 42-110a et. seq. (AGAINST STANDARD BEEF AND PHILIP FRIEND)

1-54. Plaintiff hereby repeats, reiterates and realleges Paragraphs 1 through 54 of Count Five as Paragraphs 1 through 54 of this, Count Six, as if fully set forth herein.

55. At all times relevant to this Action, Defendants were engaged in the conduct of trade or commerce in Connecticut within the meaning of Connecticut General Statutes § 42-110a, et. seq. ("CUTPA").

56. Defendants' conduct was immoral, unscrupulous, and unethical.

57.    Defendants' immoral, unscrupulous, and unethical conduct constitutes an unfair and deceptive trade practice under CUTPA.

58.    Defendants' immoral, unscrupulous, and unethical conduct has caused Vande Rose damages as will be proven at trial.

**WHEREFORE,** the Plaintiff, Vande Rose Foods, LLC, prays for judgment as follows:

**AS TO COUNT ONE:**

1.  Money damages.

**AS TO COUNT TWO:**

1.  Money damages.

**AS TO COUNT THREE:**

1.  Money Damages

**AS TO COUNT FOUR:**

1.  Money damages;

2.  Treble damages.

**AS TO COUNT FIVE:**

1.  Money damages.

**AS TO COUNT SIX:**

1.  Money damages;

2.  Punitive damages;

3.  Interest and costs;

4.  Attorneys' fees.

**AS TO ALL COUNTS:**

1.  Such other and further relief as the Court may deem just, equitable and proper.

498852-v6                                      11

**DEMAND FOR JURY TRIAL:**

The Plaintiff demands a trial by jury on all claims.

RESPECTFULLY SUBMITTED,
**VANDE ROSE FOODS, LLC**

_____
Doug Dubitsky, Esq. (ct21558)
UPDIKE, KELLY & SPELLACY, P.C.
One State Street, P.O. Box 231277
Hartford, CT 06123-1277
Tel. 860-548-2600
Fax 860-548-2680
ddubitsky@uks.com

Attorneys for Plaintiff

498852-v6                                   12